**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| COSMOS GRANITE (SOUTH EAST), LLC, <br><br>　Plaintiff, <br><br>　　　　v. <br><br>COSMOS GRANITE (EAST), LLC; COSMOS GRANITE (DC), LLC; and VIVID COSMOS GRANITE, LLC, <br><br>　Defendants. | Civil Action No. 1:19-cv-05187-SDG |

**OPINION AND ORDER**

This matter is before the Court on two motions for partial summary judgment: one by Plaintiff Cosmos Granite (South East), LLC (hereafter, CSE) [ECF 78] and the second jointly by Defendants Cosmos Granite (East), LLC (hereafter, Cosmos East); Cosmos Granite (DC), LLC (hereafter, Cosmos DC); and Vivid Cosmos Granite, LLC (hereafter, Vivid Cosmos) [ECF 108].

For the following reasons, CSE's motion for partial summary judgment [ECF 78] is **DENIED IN PART** and **DEFERRED IN PART**. Defendants' motion for partial summary judgment [ECF 108] is **GRANTED**. In accordance with 28 U.S.C. § 1447(c), the remaining claims in this case are **REMANDED** to the Superior Court of Gwinnett County, Georgia.

I.      **BACKGROUND**

Plaintiff CSE was organized as a North Carolina limited liability company on December 2, 2015.[1] After the formation of CSE, it and the various Defendants transacted business with each other through a maze of interconnected agreements.[2] For example, CSE, Cosmos East, Cosmos DC, and Vivid Cosmos reached an agreement to share all expenses at a Savannah warehouse leased by CSE and used by the other entities.[3]

On July 31, 2017, CSE filed a "Certificate of Conversion" with the Georgia Secretary of State, purporting to convert the North Carolina limited liability company to a Georgia limited liability company.[4] On August 23, 2017, CSE filed Articles of Dissolution with the North Carolina Secretary of State—effective August 8, 2017—to terminate the North Carolina-registered entity.[5] Notably, CSE did not file Articles of Conversion with the North Carolina Secretary of State.[6] Perhaps realizing its mistake—after it was raised by Defendants in this litigation—

---

1   ECF 111-1, ¶ 1; ECF 95-16.

2   ECF 107-4, ¶¶ 8–9.

3   *Id.* ¶ 8.

4   ECF 111-1, ¶ 2.

5   ECF 106-4, ¶ 2; ECF 111-1, ¶ 2.

6   ECF 111-1, ¶ 2.

CSE filed "Articles of Correction" with the North Carolina Secretary of State on March 4, 2021, which provided:

> Articles of Dissolution were erroneously filed by the entity. The entity filed Articles of Conversion effective 8/8/2017, converting the entity from a foreign limited liability company to a domestic limited liability company in Georgia . . . . The entity should have filed Articles of Conversion effective 8/8/2017 in North Carolina, [i]nstead of the Articles of Dissolution.[7]

Notwithstanding this representation, it is undisputed that there is no evidence of CSE adopting a formal conversion plan or an assignment of rights between the North Carolina entity and the Georgia entity.[8]

CSE initiated this action in the Superior Court of Gwinnett County, Georgia on October 17, 2019.[9] Defendants removed to this Court on November 15.[10] On December 6, CSE filed an Amended Complaint.[11] CSE asserts sixteen separate breach of contract and tort claims against Defendants, all of which are generally premised on allegations that Defendants failed to pay or reimburse CSE for

---

[7]  ECF 106-2, at 17.

[8]  ECF 111-1, ¶¶ 5–6.

[9]  ECF 1-1.

[10] ECF 1.

[11] ECF 11.

various services or expenses.[12] Cosmos East and Cosmos DC answered the amended complaint on December 27, asserting four counterclaims against CSE.[13] Vivid Cosmos filed its answer on February 2, 2020, asserting five counterclaims.[14]

On December 31, 2020, CSE filed its motion for partial summary judgment, seeking to recover from each defendant alleged shared expenses incurred at the Savannah warehouse (Counts Ten and Eleven); to recover from Cosmos East alleged mistaken and unreimbursed bank deposits (Counts Twelve, Thirteen, and Fourteen); and to recover from Vivid Cosmos alleged inadvertent and unreimbursed payments CSE made towards a business vehicle owned and used by Vivid Cosmos (Counts Fifteen and Sixteen (hereinafter, the Tools Van Claims)).[15] In its response to CSE's motion, Vivid Cosmos concedes the Tools Van Claims and states it "does not oppose summary judgment [in the amount of

---

[12] *Id.*

[13] ECF 14.

[14] ECF 24.

[15] ECF 78.

$12,072.96] as to these claims."[16] For all of CSE's remaining claims, Defendants argue that CSE lacks standing.[17] CSE filed reply briefs to each response.[18]

On March 13, 2021, Defendants filed their joint motion for partial summary judgment, which likewise argues that CSE lacks standing to bring its claims.[19] Defendants contend that a ruling in their favor would "logically necessitate dismissal of all counterclaims against Plaintiff," and that since Vivid Cosmos conceded the Tools Van Claims, "granting the [Defendants'] . . . motion would result in termination of this case in its entirety."[20] The parties agree that all of the claims in this matter, except for the Tools Van Claims, arose before CSE filed the Certificate of Conversion in Georgia and the Articles of Dissolution in North Carolina.[21] CSE responded to Defendants' motion, and Defendants filed a reply.[22]

---

[16] ECF 92, at 7 n.2.

[17] *Id.* at 9–13; ECF 93, at 8–10.

[18] ECF 106; ECF 107.

[19] ECF 108-1.

[20] ECF 108, at 1 n.1.

[21] ECF 111-1, ¶ 7.

[22] *Id.*; ECF 115.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the non-movant must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324. The filing of cross-motions for summary judgment does not alter this standard, "but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." *GEBAM, Inc. v. Inv. Realty Series I, LLC*, 15 F. Supp. 3d 1311, 1315–16 (N.D. Ga. 2013) (citing *Am. Bankers Ins. Group v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005)). *See also United States v. Oakley*, 744 F.2d 1553, 1555–56 (11th Cir. 1984).

## III.   DISCUSSION

The Court must first address Defendants' joint motion for summary judgment because it challenges CSE's standing to bring this suit. *Bochese v. Town*

*of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.").

### A.   Defendants' Motion for Partial Summary Judgment

#### 1.   The Parties' Arguments

Defendants argue that CSE does not have standing because the claims belong to a now-dissolved North Carolina entity—the original CSE (hereinafter, Original CSE), which was organized and dissolved under the laws of North Carolina before this action was initiated.[23] Defendants also argue that CSE's filing of Articles of Correction in North Carolina, changing the Articles of Dissolution to Articles of Conversion, does not now confer standing to CSE because standing must exist at the time the complaint is filed and cannot vest retroactively, and *this* CSE did not have standing at the time the complaint was filed.[24]

CSE argues in response that Georgia law recognizes CSE's continued existence dating from its original organization in North Carolina, because it complied with O.C.G.A. § 14-11-212—Georgia's statute regarding conversion— and the statute does not require compliance with foreign conversion law as a

---

[23]   ECF 108-1, at 4–10.

[24]   *Id.* at 10–14.

requirement to recognize the converting entity's continued existence.[25] CSE cites two cases, *Dye v. Sexton*[26] and *Johnson v. SmithKline Beecham Corporation*,[27] to argue that Georgia law controls whether it can file suit.[28] CSE then argues that its filing of Articles of Correction remedies any alleged defect with its conversion under North Carolina law, and mooted Defendants' standing arguments.[29] CSE also argues that there is nothing in Georgia's conversion statute that required it to follow North Carolina's conversion statute, N.C. Gen. Stat. § 57D-9-30, to convert to a Georgia limited liability company.[30] CSE states Defendants' argument that the Articles of Correction cannot confer standing retroactively is "ultimately irrelevant" because CSE is not relying on the Articles of Correction to do so.[31]

### 2. CSE's Lack of Standing

Federal courts possess limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For constitutional standing, "the plaintiff must

---

[25] ECF 111, at 11–12.

[26] No. 1:16-CV-00035-LMM, 2016 WL 9383318 (N.D. Ga. July 14, 2016), *rev'd on other grounds*, 695 F. App'x 482 (11th Cir. 2017).

[27] 853 F. Supp. 2d 487 (E.D. Pa. 2012), *aff'd*, 724 F.3d 337 (3d Cir. 2013).

[28] ECF 111, at 13–17.

[29] *Id.* at 18.

[30] *Id.* at 19.

[31] *Id.* at 23 n.16.

have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020). "[P]laintiff must assert its own rights and interests and may not rely on the rights and interests of others." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805 (11th Cir. 1993). "As a jurisdictional requirement, standing to litigate cannot be waived or forfeited." *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019).

The first question before the Court is whether CSE had (and continues to have) standing to bring its claims, other than the Tools Van Claims.[32] To answer this question, the Court must decide whether the filing of the Certificate of Conversion in Georgia, and then the Articles of Dissolution in North Carolina, (1) created two entities, meaning the claims that arose prior to the Conversion filing in Georgia remained with Original CSE, or (2) the entity properly converted from Original CSE to CSE, and thereby remained one entity now organized under the laws of Georgia.

---

[32] As will be discussed, even though the parties agree that CSE has standing to bring the Tools Van Claims, the Court lacks subject matter jurisdiction over these Claims.

"How long and upon what terms a state-created corporation may continue to exist is a matter exclusively of state power." *Chicago Title & Tr. Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*, 58 S. Ct. 125, 128 (1937). Similar to a corporation, a limited liability company is "[a] creature of state law, [and] each LLC is organized under an LLC statute that creates the company, gives it a legal existence separate from its owners (called 'members'), shields those members from partner-like vicarious liability, governs the company's operations, and controls how and when the company comes to an end." *United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480, 486–87 (11th Cir. 2013). Therefore, "[b]ecause a business entity is a creature of state law, the state under whose law the entity was created should be the place that determines whether its existence . . . [is] terminated." *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 3:15-CV-22, 2017 WL 4998663, at *16 (W.D. Pa. Oct. 30, 2017) (discussing how judicial dissolution of limited liability company is determined by state where the entity is organized and jurisdiction to dissolve remains with that state). *See generally Camacho v. McCallum*, No. 16 CVS 602, 2016 WL 6237825, at *5 (N.C. Super. Ct. Oct. 25, 2016) ("Judicial dissolution of entities created under . . . the laws of one state should be accomplished by a decree of a court of that state.").

Notably, *Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487 (E.D. Pa. 2012), *aff'd*, 724 F.3d 337 (3d Cir. 2013), relied on by CSE, stands for the proposition that an effective conversion requires adherence to the laws of the state where the entity is created, and also the laws of the state where the entity seeks to convert. In that case a Pennsylvania corporation first converted to a Delaware corporation, and then converted to a Delaware limited liability company. 853 F. Supp. 2d at 496. The conversion from a Pennsylvania corporation to a Delaware corporation followed the conversion laws of both Pennsylvania and Delaware, and the conversion from a Delaware corporation to a Delaware limited liability company followed the conversion laws of Delaware. *Id.* In determining whether removal was proper and a cause of action existed against the newly converted entity, the court found that the entity first properly "domesticated itself as a Delaware corporation pursuant to [Pennsylvania law]," and then cited to Delaware law to show the cause of action remained against the newly converted entity. *Id.* at 496–97.

Here, the attempted conversion and dissolution of Original CSE were governed by the laws of North Carolina.[33] Although there was an attempted

---

[33] ECF 111-1, ¶ 1.

conversion to a Georgia limited liability company, it was not done in accordance with North Carolina law, the state the laws of which governed Original CSE's existence. Instead, the conversion was attempted by following only Georgia law.[34] Thus, Original CSE was properly organized and dissolved as a limited liability company in North Carolina, but it was not properly converted to a Georgia limited liability company.

> Under North Carolina law:
>
>> An LLC may convert to a different eligible entity if both of the following requirements are met:
>>
>> (1) The conversion is permitted by the law that will govern the organization and internal affairs of the surviving entity.
>>
>> (2) The converting LLC complies with the requirements of this Part and to the extent applicable the law that will govern the organization and internal affairs of the surviving entity.
>
> N.C. Gen. Stat. § 57D-9-30. Pursuant to that statute, a proper conversion of a North Carolina limited liability company occurs when the limited liability company executes its conversion in compliance with *both* the applicable North Carolina law and the foreign law.

---

34   ECF 106-4, ¶ 2; ECF 111-1, ¶ 2.

Here, only the laws of Georgia were followed in the attempted conversion.[35] It was not until Original CSE filed its Articles of Correction, to replace its Articles of Dissolution with Articles of Conversion, that it attempted to properly convert from a North Carolina limited liability company to a Georgia limited liability company.[36] Therefore, Original CSE did not convert to CSE at the time this case was filed, and the claims brought by CSE belonged to Original CSE at the time of filing. Only Original CSE had standing to bring these claims.

CSE nevertheless argues that the second case on which it relies, *Dye v. Sexton*, No. 1:16-CV-00035-LMM, 2016 WL 9383318 (N.D. Ga. July 14, 2016), *rev'd on other grounds*, 695 F. App'x 482 (11th Cir. 2017), stands for the proposition that Georgia law governs whether it has standing to bring suit. But *Dye* addressed whether a Tennessee company that had been administratively dissolved had the capacity to bring suit. The issue here is not whether CSE has the legal capacity to sue, but whether it has a right to sue on claims that belonged to Original CSE. It does not.

---

[35]   *Id.*

[36]   ECF 111-1, ¶ 4; ECF 106-2, at 17–18.

### 3. The Articles of Correction Cannot Confer Standing Retroactively.

The Articles of Correction cannot confer standing retroactively or remedy CSE's original lack of standing. "Article III standing must be determined as of the time that the plaintiff's complaint is filed." *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020). Standing "cannot be met retroactively." *Id.* at 1219 (quotation marks omitted).

Here, the Articles of Correction were filed in March 2021, with an effective date of February 8, 2017.[37] The complaint was filed on October 17, 2019.[38] The Articles of Correction cannot confer standing retroactively to CSE, even though the Articles state an effective date of February 8, 2017, because the Articles were filed after this action was initiated. *See MSP Recovery Claims, Series LLC*, 965 F.3d at 1217.

### B. Plaintiff's Motion for Partial Summary Judgment and the Tools Vans Claims

Because CSE lacks standing, its motion for partial summary judgment must be denied without prejudice.[39] "Because standing is jurisdictional, a dismissal for

---

[37] ECF 106-2, at 17–18.

[38] ECF 1, at 1–4.

[39] ECF 78.

lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).

Regarding the Tools Vans Claims, although Vivid Cosmos concedes the validity of these Claims and does not oppose summary judgment in the amount of $12,072.96,[40] such Claims do not meet the amount in controversy requirement of diversity jurisdiction, and therefore must be remanded. *See* 28 U.S.C. § 1332 (requiring the amount in controversy to exceed $75,000, exclusive of interest and costs, for diversity jurisdiction). Vivid Cosmos's concession as to these Claims has no effect on subject matter jurisdiction because the "parties cannot confer subject matter jurisdiction upon a federal court by agreement, consent or waiver." *Preston v. Cigna Prop. & Cas. Ins. Co.*, 785 F. Supp. 1466, 1467 (N.D. Ga. 1992). Therefore, the Court must defer any ruling on the Tools Van Claims.

### C.   The Court's Obligation to Remand

"Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice. This is not so, however, in the removal context. As

---

[40]   ECF 92, at 7 n.2.

28 U.S.C. § 1447(c) explains, "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.'" *McGee v. Solic. Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013) (citations omitted) (emphasis added). *See also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action."). Therefore, the case shall be remanded to the Superior Court of Gwinnett County, Georgia, with such remand including Defendants' counterclaims.

## IV. CONCLUSION

CSE's motion for partial summary judgment [ECF 78] is **DENIED IN PART AND DEFERRED IN PART**. It is **DENIED** as to Counts Ten, Eleven, Twelve, Thirteen, and Fourteen, and **DEFERRED** as to Counts Fifteen and Sixteen. Defendants' motion for partial summary judgment [ECF 108] is **GRANTED**. Further, Defendants' motion for leave to file matters under seal [ECF 96], which was filed by Defendants in an abundance of caution but for which no party has provided good cause, is **DENIED**.

In accordance with 28 U.S.C. § 1447(c), the Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Gwinnett County, Georgia.

**SO ORDERED** this the 28th day of September 2021.

_____
Steven D. Grimberg
United States District Court Judge